UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JESSE SHELTON,  )
 )
            Petitioner,  )
 )
vs.  )  No. 1:17-cv-00817-TWP-DML
 )
SUPERINTENDENT,  )
 )
           Respondent.  )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Jesse Shelton ("Mr. Shelton") for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-12-0009. For the reasons explained in this Entry, Mr. Shelton's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On November 26, 2016, Correctional Officer Flatt wrote a conduct report in case IYC 16-12-0009, charging Mr. Shelton with offense B-202, possession or use of a controlled substance. Dkt. 7-1. The conduct report states:

> On 11-26-2016 at approximately 1:29AM, I Officer S. Flatt while conducting a random search on Offender Shelton, Jesse Doc # 231725 L-26L property box clearly discovered a brown piece of paper containing what appears to be green leafy substance, multiple cigarette roaches and multiple home made brown paper wraps. I then secured the items in my cargo pocket. I then questioned Offender Shelton and he stated "it was tea leaves that he smokes and nothing else". Offender Shelton was given a Notice of Confiscated Property at which he refused to sign and advised he will be receiving a Report of Conduct for his actions.

(*Id*.). Following a visual examination, investigator Prulhiere identified the green leafy substance as K2-Spice. Dkt. 7-7.

On December 15, 2016, Mr. Shelton was notified of the charge of possession or use of a controlled substance and served with a copy of the conduct report. Dkt. 7-4. On December 15, 2016, Mr. Shelton was served with the screening report. *Id*. Mr. Shelton was notified of his rights and pleaded not guilty. *Id*. He requested the appointment of a lay advocate and one was later appointed. Dkt. 7-4, 7-5. Mr. Shelton did not request any witnesses or physical evidence. Dkt. 7-4.

On December 21, 2016, the disciplinary hearing officer held a hearing in case IYC 16-12-0009. Dkt. 7-6. Shelton pleaded not guilty and stated, "It was only tea not K2 spice. *Id*. The disciplinary hearing officer found Shelton guilty of offense B-202 possession or use of a controlled substance, on the basis of the staff reports, Shelton's statement, the photo of the confiscated property, and the confiscation slip. *Id*. Based on the seriousness and frequency/nature of the offense, along with the likely corrective effect of sanctions, the

disciplinary hearing officer imposed the following sanctions: 60 days lost earned credit time and a suspended demotion from credit class II to credit class III from a previous case. *Id*. Mr. Shelton's appeals to the Facility Head and the Final Review Authority were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Shelton raises four grounds for relief in his habeas petition. Dkt. 2. First, he argues that the substance was not tested in compliance with Indiana Department of Corrections ("IDOC") policy. Next, he argues that more than thirty days elapsed before his hearing, violating IDOC policy. Third, he argues that there was no chain of custody to preserve the integrity of the collection of the evidence. Finally, he argues that the facility head failed to evaluate the findings of the disciplinary hearing.

#### 1. Lack of Testing

Mr. Shelton's first argument is that the substance was not tested in compliance with IDOC policy. Dkt. 1. Petitioners have no right to laboratory testing. *See Manley v. Butts*, 699 Fed. Appx. 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing … Prison administrators are not obligated to create favorable evidence or produce evidence they do not have.").

Furthermore, relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do

not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Shelton is not entitled to relief on this basis.

### 2. Timing of Disciplinary Hearing

Mr. Shelton's second argument—that the timing of the conduct report violated IDOC policies—fails for two reasons. First, because he did not raise it in his administrative appeals, he has waived it. Before seeking federal habeas relief, an offender must take all available administrative appeals and must raise in those appeals any issue on which he seeks federal review. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002). An offender's failure to properly exhaust his claims in the state administrative process means the claims are procedurally defaulted. *Id*.

Furthermore, as discussed above, the violation of any such policy is not a cognizable claim under § 2254, *Evans v. McBride,* 94 F.3d 1062 (7th Cir. 1996). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). Therefore, Mr. Shelton's second claim for relief also fails.

### 3. Lack of Chain of Custody

In his third claim for relief, Mr. Shelton argues that respondent's failure to provide a chain of custody for the confiscated items violates IDOC policy and his due process rights. First, as discussed above, failure to comply with internal policy does not create a viable constitutional claim.

Second, this argument does not entitle Mr. Shelton to any relief because, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. In prison disciplinary cases, due process does not require a complete chain of custody. Instead, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). There is no allegation or evidence of tampering, mishandling, or mistake in this case. Therefore, Mr. Shelton's third claim for relief fails.

### 4. Facility Head's Treatment of Appeal

Mr. Shelton's final claim for relief is that the facility head failed to grant his appeal of this disciplinary action when Mr. Shelton raised the above issues in his appeal. But since this Court has found that none of the issues raised by Mr. Shelton support the reversal of his disciplinary conviction or sanctions, the failure of the facility head to grant his appeal on these issues did not interfere with Mr. Shelton's due process rights.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Shelton to the relief he seeks. Accordingly, Mr. Shelton's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/13/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JESSE SHELTON
231725
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

James Boyer
INDIANA ATTORNEY GENERAL
james.boyer@atg.in.gov